UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                    Plaintiff,

          v.

ANTONIO MENDOZA-DIAZ,

                    Defendant.

No.  CR-02-6010-FVS

ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

    **THIS MATTER** is before the Court pursuant to the Defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. (Ct. Rec. 34)  Mr. Mendoza-Diaz is acting *pro se* in this matter.  The government is represented by United States Attorney James A. McDevitt and Assistant United States Attorney Jane Kirk. The Court has reviewed the entire file, including the pleadings submitted by both parties, and is now prepared to rule.

    **BACKGROUND**

    On July 19, 2002, Mr. Mendoza-Diaz, a federal prisoner, pleaded guilty to the crime of illegal re-entry into the United States, in violation of 8 U.S.C. § 1326.  The Court sentenced him to 57 months in prison on Oct. 29, 2002.  Mr. Mendoza-Diaz asked for the sentence to run concurrently with a state court sentence of three months, which another court imposed on Mr. Mendoza-Diaz earlier for cocaine possession.  The Court declined his request and ran both sentences

Order Denying Motion to Vacate, Set Aside or Correct Sentence – 1

consecutively.

Mr. Mendoza-Diaz filed a timely direct appeal.  The Ninth Circuit denied his direct appeal on April 15, 2003. (Ct. Rec. 33) Mr. Mendoza-Diaz filed this motion to vacate by handing it to prison authorities on Aug. 4, 2004. (Ct. Rec. 34)

He challenges his conviction on four grounds.  Three of those grounds are that his counsel was ineffective.  A fourth contention is that his sentence was unreasonable.

**RULING**

The statute of limitations bars Mr. Mendoza-Diaz's motion to vacate.  Federal prisoners have one year to file motions to vacate, starting when their convictions are final. 28 U.S.C. § 2255(1).  That year may start at a later date, if and when the U.S. Supreme Court newly recognizes a right that the federal prisoner asserts in his motion to vacate, if the Supreme Court makes the asserted right retroactive to cases on collateral review. 28 U.S.C. § 2255(3).

Mr. Mendoza-Diaz asserts a right under *United States v. Booker,* 125 S.Ct. 738, L.Ed.2d 621 (2005).  *Booker* was decided Jan. 12, 2005. *Booker* is not retroactive on collateral review. *United States v. Cruz,* No. 03-35873, 2005 WL 2243113 at *2 (9th Cir.  Sept. 16, 2005). Because Mr. Mendoza-Diaz' motion to vacate seeks collateral review, the statute of limitations started when his conviction became final. 28 U.S.C. § 2255(1); § 2255(3).  His conviction became final on July 14, 2003, 90 days after the Ninth Circuit denied his direct appeal. *Griffith v. Kentucky*, 479 U.S. 314, 321, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987) ("By 'final,' we mean a case in which a judgment of

Order Denying Motion to Vacate, Set Aside or Correct Sentence – 2

conviction has been rendered, the availability of appeal exhausted,

and the time for a petition for certiorari elapsed or a petition for

certiorari finally denied.") See also Sup.Ct.R. 13(1) ("a petition

for a writ of certiorari to review a judgment in any case, civil or

criminal, entered by ... a United States court of appeals ... is

timely when it is filed with the Clerk of this Court within 90 days

after entry of the judgment.") See also *Bowen v. Roe*, 188 F.3d 1157,

1159 (9th Cir. 1999) (the statute of limitations does not start to

run on a state prisoner's habeas corpus petition until the 90-day

period for filing a U.S. Supreme Court petition for a writ of

certiorari expires, regardless of whether the prisoner actually filed

a petition for a writ of certiorari).

The statute of limitations for filing Mr. Mendoza-Diaz' motion

expired on July 14, 2004.  Mr. Mendoza-Diaz filed his motion to

vacate on Aug. 4, 2004.  Mr. Mendoza-Diaz exceeded the statute of

limitations deadline.  Thus, the Court denies the motion as untimely.

**IT IS HEREBY ORDERED:**

The Defendant's motion to vacate **(Ct. Rec. 34)** is **denied**.

**IT IS SO ORDERED.**  The District Court Executive is hereby

directed to enter this order, furnish copies to the Defendant and

counsel for the Plaintiff, and **close the file**.

**DATED** this ____21st____ day of October, 2005.

> _____s/ Fred Van Sickle_____
> Fred Van Sickle
> United States District Judge

Order Denying Motion to Vacate, Set Aside or Correct Sentence – 3